1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| YELENA SHEKMAN and ILYA SHEKHMAN, | Case No. |
| | [Removal from Superior Court of Washington, County of King, Case No. 09-2-10587-1SEA] |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION BASED UP FEDERAL QUESTION JURISDICTION** |
| CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, a Washington corporation; AURORA LOAN SERVICES, a Nebraska company; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a California company, | **[28 U.S.C. § 1331]** |
| Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL**

25

**PARTIES AND THEIR COUNSEL OF RECORD:**

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

PLEASE TAKE NOTICE that defendant AURORA LOAN SERVICES, LLC (erroneously sued herein as AURORA LOAN SERVICES) hereinafter "Defendant" hereby removes to this Court the above-captioned action described further below:

## I.   STATEMENT OF THE CASE

1.     On February 27, 2009, plaintiffs, YELENA SHEKHMAN and ILYA SHEKHMAN, ("Plaintiffs") filed an action in the Superior Court of Washington, County of King, entitled *Yelena Shekhman and Ilya Shekhman vs. Cal-Western Reconveyance Corporation of Washington, et al.*, as case number 09-2-10587-1 SEA.  A true and correct copy of the relevant pleadings, i.e. summons and complaint, are attached hereto as **Exhibit "A."**

2.      Plaintiffs purport to allege two causes of action.  The causes of action are characterized as follows:

(1)  First cause of action:  Violation of the Truth in Lending Act, Real Estate Settlement Procedures Act and Related Regulations; and

(2)  Second cause of action:  Violation of the Washington Consumer Protection Act.

## II.   FEDERAL COURT JURISDICTION – FEDERAL QUESTION

3.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States.  "A case arose under federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 U.S. 1, 9.  Where a Plaintiff claims to rely on a state remedy, but the rights she possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209,

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

1211-1212 (9th Cir. 1980).   Adjudication of Plaintiffs' Complaint requires an analysis and construction of federal law, including TILA and RESPA.

4.   Plaintiffs' allege claims based on Federal law.  Specifically, Plaintiffs' assert claims for violation TILA and RESPA (First Cause of Action).   The adjudication of these claims turns on whether these enumerated federal statutes have applicability and were allegedly violated.   The allegations that Plaintiffs make in the First Cause of Action are also incorporated by reference into their Second Cause of Action.  Thus, virtually all of Plaintiffs' causes of action depend on a determination of federal law.

5.   The survivability of each and every cause of action in the Plaintiffs' Complaint necessarily turns on whether the alleged four Federal statutes have applicability to Plaintiffs' claims, which is a question of federal law. *See Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1394 (9th Cir. 1988) ("When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court"; finding removal not proper because federal court did not have original jurisdiction) (citing *Franchise Tax Bd.*, 463 U.S. at 9); *see also Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1286 (2006) (negligence *per se* requires, in part, a violation of the underlying statute).  Claims premised upon TILA or RESPA may be removed to federal court pursuant to federal question jurisdiction.  *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (citing to TILA as an example of a federal statute that "may be maintained in any state or federal court of competent jurisdiction, and contain[s] no limitations on removal, express or otherwise, to bar removal as required under section 1441(a)"); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (finding it "clear that the federal truth-in-lending

---

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

claim falls within the federal-question jurisdiction of the court"); *Taylor v. Nelson*, Case No. Civ.A. 02-6558, 2006 WL 266052, at *2 (E.D. Pa. Jan. 31, 2006) (noting removal of claims asserted under various statues, including TILA and RESPA); *Sincinski v. Reliance Funding Corp.*, 461 F. Supp. 649, 651 (S.D.N.Y. 1978) (denying remand because removal of TILA and RESPA claims was proper).

6.      The Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a); Due to the interrelationship of Plaintiffs' state law and TILA and RESPA claims, the Court should extend supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, this matter turns upon federal questions, and this Court has original jurisdiction. *Franchise Tax Bd.,* 463 U.S. at 9; *Fristoe,* 615 F.2d at 1211-1212.

## III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7.      Removal of this action is timely. Upon information and belief, Aurora has not been served with the Complaint.

8.      It appears that defendant Cal-Western Reconveyance Corporation of Washington ("Cal-Western") was served on February 27, 2009. However, Cal-Western has not entered an appearance in the case. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b). Upon information and belief, the only remaining defendant, Mortgage Electronic Registration Systems, Inc. has also not been served. Thus their consent is not required. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1428 (9th Cir.1984), *overruled on other grounds, Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir.1988), *Emrich v.*

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

*Touche Ross & Co.*, 846 F. 2d 1190, 1193 n.1 (9th Cir.1988) (the requirement for consent applies "only to defendants properly joined and served in the action.").

9.   Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action or served on Aurora in the State Court Action are attached hereto as **Exhibit A**.

10.   The Superior Court of Washington for the County of King is located within the District of Washington. *See* 28 U.S.C. § 84(c)(2). Thus venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11.   No previous requests have been made for the relief requested.

12.   A copy of this Notice of removal was provided to the Superior Court of Washington for the County of King pursuant to 28 U.S.C. §§ 1331 and 1441.

## IV.   CONCLUSION

By this Notice of Removal and the associated attachments, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action.  Removing Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.  Removing Defendant prays that the Action be removed to this Court, that all further proceedings in the state court be stayed, and that the removing Defendant receives all additional relief to which it is entitled.

/ / /

/ / /

/ / /

---

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

1    WHEREFORE, Defendant Aurora Loan Services LLC respectfully

2  removes this action from the Washington Superior Court for the County of King

3  to this Court pursuant to 28 United States Code Sections 1331 and 1441.

4  Dated: March 30, 2009           HOUSER & ALLISON
                                   A Professional Corporation
5
6
7                                  Robert W. Norman, Jr.
                                   Attorney for Defendant,
8                                  Aurora Loan Services, LLC
                                   erroneously  sued herein as Aurora
9                                  Loan Services

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

Notice of Removal of Action - Page 6

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

# DECLARATION OF SERVICE

The undersigned declares as follows:

On March ЗО , 2009, I served the foregoing document on the following individuals by U.S. Mail, Postage Prepaid:

Bruce M. Hull
The Law Offices of Bruce M. Hull
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
*Attorneys for Plaintiffs*

Courtney Hershey

Robert W. Norman, Jr. (SBN 37094)
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
PH: (949) 679-1111
FAX: (949) 679-1112

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FILED

2009 MAR 11  PM 2: 28

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**Ex Parte Department Room W-325**
**Hearing Scheduled: Wednesday, March 11, 2009, 02:00 p.m.**

EXPO1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN )
                                    )
                        Plaintiffs, )
                                    )
            v.                      )
                                    )
CAL-WESTERN RECONVEYANCE            )
CORPORATION OF WASHINGTON, a        )
Washington corporation, AURORA LOAN )
SERVICES, a Nebraska company, and   )
MORTGAGE ELECTRONIC REGSTRATION )
SYSTEMS, INC., a California company. )
                                    )
                        Defendants. )
                                    )

No.: 09-2-10587-1 SEA

**FIRST AMENDED TEMPORARY**
**RESTRAINING ORDER AND**
**ORDER TO RESTRAIN**
**TRUSTEE'S SALE**
AMENDED
(PROPOSED)

Clerk's Action Required

THIS MATTER comes before the Court by motion of plaintiffs Yelena and Ilya Shekhman for immediate entry of a Temporary Restraining Order, pursuant to CR 65 and RCW 61.24.130. Plaintiffs have filed a Complaint, a Motion and Memorandum for Temporary Restraining Order Restraining Trustee's Sale, and the Declaration of Bruce M. Hull In Support Of Plaintiff's Motion For Temporary Restraining Order.

HAVING REVIEWED all of the pleadings submitted, the Court finds as follows:

TEMPORARY RESTRAINING ORDER - 1

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-3088
Fax: (425) 378-3373

ORIGINAL



CP/PROC

CUST

CASH

JUDG

DISB

CRIM

ACCTG

EXH

1.   Plaintiff has shown a well-grounded fear that absent entry of a temporary restraining order, he will suffer irreparable damages.

2.   Sufficient grounds exist under RCW 61.24.130 to restrain the trustee's sale scheduled to occur on March 13, 2009 at 10:00 am ("Trustee's Sale").

3.   Plaintiff has reasonable grounds for not requiring plaintiff to provide a bond or security to the clerk of the court.

4.   Defendants were given notice of the hearing set for March 5, 2009.

WHEREFORE, IT IS ORDERED:

Defendant CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON shall:

1.   Refrain from continuing with the Trustee's Sale.

THIS RESTRAINING ORDER IS ENTERED at __2:25__ ~~a~~/p.m. this \l_ th day of March 2009, and shall expire, unless extended by subsequent order, fourteen days from the date of entry hereof.

The Court hereby sets a hearing for defendants to show cause, if any, they may have as to why the restraint herein should not be made a preliminary injunction, for 9:00 a.m. Pacific Standard Time on the 20th day of March 2009, at the King County Courthouse, 516 3rd Avenue, Seattle Washington, Room E-746, to argue before the Honorable Harry J. McCarthy, judge of this Court.

DONE IN OPEN COURT this __\l__ day March, 2009.

_Nancy Bradburn Johnson_
~~JUDGE~~/COURT COMMISSIONER

TEMPORARY RESTRAINING ORDER - 2

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone (425) 378-8088
Fax: (425) 378-3373

EXHIBIT A
PAGE 2 OF 34

1

2

3     Presented by:

4     LAW OFFICES OF BRUCE M. HULL, pllc

5

6     By: _____

7     Bruce M. Hull, WSBA # 18943
      Attorneys for Plaintiff
8     Yelena and Ilya Shekhman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER - 3

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

FILED

2009 MAR -5 PM 2: 24

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**Ex Parte Department Room W-325**
**Hearing Scheduled: Thursday, March 5, 2009, 02:00 p.m.**

EXPO 1

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

| | |
|---|---|
| YELENA SHEKHMAN and ILYA SHEKHMAN )<br><br>Plaintiffs,)<br>)<br>v. )<br>)<br>CAL-WESTERN RECONVEYANCE )<br>CORPORATION OF WASHINGTON, a )<br>Washington corporation, AURORA LOAN )<br>SERVICES, a Nebraska company, and )<br>MORTGAGE ELECTRONIC REGSTRATION )<br>SYSTEMS, INC., a California company. )<br>)<br>Defendants.)<br>) | No.: 09-2-10587-1 SEA<br><br>**TEMPORARY RESTRAINING<br>ORDER AND ORDER TO<br>RESTRAIN TRUSTEE'S SALE**<br><br>(PROPOSED)<br><br>Clerk's Action Required |

THIS MATTER comes before the Court by motion of plaintiffs Yelena and Ilya Shekhman for immediate entry of a Temporary Restraining Order, pursuant to CR 65 and RCW 61.24.130. Plaintiffs have filed a Complaint, a Motion and Memorandum for Temporary Restraining Order Restraining Trustee's Sale, and the Declaration of Bruce M. Hull In Support Of Plaintiff's Motion For Temporary Restraining Order.

HAVING REVIEWED all of the pleadings submitted, the Court finds as follows:

1.    Plaintiff has shown a well-grounded fear that absent entry of a temporary restraining order, he will suffer irreparable damages.

TEMPORARY RESTRAINING ORDER - 1

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

ORIGINAL

2.   Sufficient grounds exist under RCW 61.24.130 to restrain the trustee's sale scheduled to occur on March 6, 2009 at 10:00 am ("Trustee's Sale").

3.   Plaintiff has reasonable grounds for not requiring plaintiff to provide a bond or security to the clerk of the court.

*4. Defendants were given notice at the hearing set for 3/5/09 at 1:30PM and FTA. nu (corporation)*

WHEREFORE, IT IS ORDERED:

*Cal Western Reconveyance of Washington*

Defendant ~~Lawyer's Title Insurance Corporation~~ shall:

1.   Refrain from continuing with the Trustee's Sale.

THIS RESTRAINING ORDER IS ENTERED at *2:11* a.m./p.m. this *5*th day of March 2009, and shall expire, unless extended by subsequent order, fourteen days from the date of entry hereof.

The Court hereby sets a hearing for defendants to show cause, if any, they may have as to why the restraint herein should not be made a preliminary injunction, for *9:00* a.m./p.m. Pacific Standard Time on the *30* day of March 2009, at the ~~Pierce~~ *King* County Courthouse, ~~930 Tacoma Avenue, Tacoma Washington~~ *516 3rd Ave Seattle, WA*, Room *E 746*, to argue before the Honorable *H. McCarthy*, judge of this Court.

//

//

//

DONE IN OPEN COURT this *5* day March, 2009.

_____

JUDGE/COURT COMMISSIONER

TEMPORARY RESTRAINING ORDER - 2

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

**EXHIBIT A**

**PAGE 5 OF 34**

1

2

3   Presented by:

4   LAW OFFICES OF BRUCE M. HULL, pllc

5

6   By: _____
    Bruce M. Hull, WSBA # 18943
7   Attorneys for Plaintiff
    Yelena and Ilya Shekhman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER - 3

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA. 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

EXHIBIT A
PAGE 6 OF 34

FILED

09 MAR -3 AM 10: 59

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| YELENA SHEKHMAN AND ILYA SHEKHMAN<br>Plaintiff/Petitioner | Cause #:   09-2-10587-1SEA |
| vs.<br>CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, A WASHINGTON CORPORATION; ET AL.<br>Defendant/Respondent | Declaration of Service of:<br>SUMMONS; COMPLAINT TO RESTRAIN TRUSTEE'S SALE AND FOR DAMAGES; NOTE FOR MOTION DOCKET; MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE; DECLARATION OF BRUCE M HULL IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND RESTRAINT OF TRUSTEE'S SALE; LETTER (NOTICE PURSUANT TO RCW 61.24.130); CASE ASSIGNMENT DESIGNATION AND CASE INFORMATION COVER SHEET; TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN TRUSTEE'S SALE |
| | Hearing Date:  Mar  5 2009 |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Feb 27 2009 3:00PM at the address of 1780 BARNES BLVD SW  TUMWATER, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with CAROL SHELTON AGENT FOR NATIONAL REGISTERED AGENTS INC., REG. AGENT FOR CORP..

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: March 2, 2009 at Olympia, WA

by _____
             J. Lincoln

Service Fee Total: $ 86.00



ABC Legal Services, Inc.
206 521-9000
Tracking #: 5765998

**ORIGINAL**
**PROOF OF SERVICE**

Page 1 of 1

SHEKHMAN, ILYA & YELENA
Hull, Bruce M.
14100 SE 36th St, #100
Bellevue, WA  98012
425 378-8088

**EXHIBIT A**
**PAGE 7 OF 34**

RECEIVED
In King County Superior Court, Clerk Office
FEB 27 2009
Barbara Miner
Superior Court Clerk

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN )

                                    Plaintiffs, )

                  v.                )

CAL-WESTERN RECONVEYANCE )
CORPORATION OF WASHINGTON, a )
Washington corporation, AURORA LOAN )
SERVICES, a Nebraska company, and )
MORTGAGE ELECTRONIC REGSTRATION )
SYSTEMS, INC., a California company. )

                            Defendants. )

No.: **09-2-10587-18EA**

**SUMMONS**

20 days

TO:   CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, a Washington corporation, defendant,

TO:   AURORA LOAN SERVICES, a Nebraska company, defendant, and

TO:   MORTGAGE ELECTRONIC REGSTRATION SYSTEMS, INC., a California company, defendant.

SUMMONS- 1

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 373-3088
Fax: (425) 373-3373

COPY

FILED

2009 FEB 27  AM II: 28

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

Ex Parte Department Room W-325
Hearing Scheduled: Thursday, March 5, 2009, 02:00 p.m.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN )
                                   )
                    Plaintiffs,)
                                   )
        v.                         )
                                   )
CAL-WESTERN RECONVEYANCE           )
CORPORATION OF WASHINGTON, a       )
Washington corporation, AURORA LOAN )
SERVICES, a Nebraska company, and   )
MORTGAGE ELECTRONIC REGSTRATION )
SYSTEMS, INC., a California company. )
                                   )
                    Defendants)
                                   )

No.: **09-2-10587-1 SEA**

**MOTION AND MEMORANDUM
FOR TEMPORARY RESTRAINING
ORDER RESTRAINING
TRUSTEE'S SALE**

Note On Motion Calendar: Ex Parte 2:00
pm, Thursday, March 5, 2009

## I.    RELIEF REQUESTED

Pursuant to CR 65 and RCW 61.24.130, plaintiffs Yelena and Ilya Shekhman respectfully request this Court immediately enter a temporary restraining order restraining defendant Cal-Western Reconveyance Corporation of Washington from conducting a Trustee's Sale of plaintiffs' residence scheduled for March 6, 2009. For the reasons set forth in plaintiffs' complaint this Court should enter

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 1

ORIGINAL

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

a temporary restraining order restraining defendant from conducting a Trustee's Sale of plaintiff's residence on March 6, 2009.

## II.   STATEMENT OF FACTS

1. On or about September 6, 2005, plaintiffs applied for a fixed rate loan with KoBay Financial Corp. ("Kobay") a mortgage broker.

2. Plaintiffs never received an early Truth In Lending Disclosure Statement which showed they would be receiving a fixed rate loan.

3. Plaintiffs never received a Good Faith Estimate or an Itemization of Amounts Financed related to a fixed rate loan.

4. Kobay, Gateway Bank, FSB (the purported lender) then changed the loan application of the plaintiff's to a subprime adjustable rate loan.

5. On or about October 18, 2005, placed the plaintiffs is a subprime adjustable rate loan.

6. Kobay, Gateway Bank, FSB (the purported lender) misled plaintiffs and never properly disclosed to plaintiffs they were getting a subprime adjustable rate loan including no proper disclosure of the terms and conditions of such a loan.

7. Plaintiffs' loan went into default in 2008 and a Notice of Default was sent to the Plaintiffs by the Trustee on September 10, 2008.

8. Trustee has sent the Notice of Trustee's Sale to Plaintiffs on or about October 29, 2008 which provided for a Trustee's Sale to occur on January 30, 2009.

9. The Notice of Trustee's Sale was later amended to provide for a Trustee's Sale to occur on March 6, 2009.

10. The Notice of Trustee's Sale provided notice of the sale of Plaintiffs' residence to occur March 6, 2009 pursuant to a "Deed of Trust" granted by Plaintiffs in favor of MERS ("Beneficiary") dated October 17, 2005 and recorded October 21, 2005 under Auditor's File No. 20051021003400 in the records of King County, Washington.

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 2

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

11.   The foregoing Deed of Trust secured payment on a "Promissory Note" of even date made by Plaintiffs.

12.   The proceeds of the loan evidenced by the Promissory Note were used to purchase Plaintiffs' primary residence.

13.   Plaintiffs' primary residence subject to the Trustee's Sale is located at 6905 115th Court Southeast, Newcastle, WA 98056.

14.   Defendant Aurora is the loan servicer.

## III.   STATEMENT OF ISSUES

Shall plaintiffs be granted a Temporary Restraining Order restraining defendant Cal-Western Reconveyance Corporation of Washington from conducting a Trustee's Sale of plaintiff's residence on March 6, 2009?

## IV.   EVIDENCE RELIED UPON

Plaintiffs rely on the Declaration of Bruce M. Hull, the Complaint and on this Motion and Memorandum For Temporary Restraining Order.

## V.   LEGAL AUTHORITY AND ARGUMENT

**A.   Standards For Injunctive Relief.**

Injunctions are justified if the party seeking that relief shows (1) that it has a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting, or will result, in actual or substantial injury. King v. Riveland, 125 Wn.2d 500, 515, 886 P.2d 160 (1994); Washington Federation of State Employees, Council 28 v. State, 99 Wn.2d 878, 887-888, 665 P.2d 1337 (1983); Tyler Pipe Industries v. Dept. of Revenue, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982); County of Spokane v. Local No. 1553, 76 Wn. App. 765, 770-771, 888 P.2d 735 (1995); *see also* CR 65.  Such injunctive relief is proper when the party

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 3

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 373-8888
Fax: (425) 378-3373

applying for such relief will suffer irreparable injury, loss, or damage before an adversary proceeding can be convened in open court. Fisher v. Parkview Properties, Inc., 71 Wn. App. 468, 475, 859 P.2d 77 (1993); see also RCW 7.40.020. These various elements are reviewed as part of a balancing of the relative interests of the parties and, where appropriate, the interests of the public. Tyler Pipe, supra, 96 Wn.2d at 792.

**C.    The Trustee's Sale Should Be Restrained Pursuant to RCW 61.24.130.**

RCW 61.24.130(1) provides:

(1) Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper legal or equitable ground, a trustee's sale. The court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed:

(a) In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days.

Plaintiff is has filed a claim for damages arising out of the loan documents and thus argues that the amount of the damages plaintiffs are claiming greatly exceeds the amount due to cure any default and thus plaintiff should not be required to post and bond or other amount with the clerk of the court as required by RCW 61.24.130 ((1)(a).

**D.    Plaintiff Will Suffer Irreparable Injury Without Injunctive Relief.**

If defendant is allowed to continue with the Trustee's Sale plaintiff would lose his residence. If this were to occur an award of money damages would be inadequate.

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 4

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

EXHIBIT A
PAGE 12 OF 34

E. **Plaintiff Has Given The Trustee Notice Pursuant to RCW 61.24.130(2).**

Plaintiff has given defendant notice as required under RCW 61.24.130(2) including the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made and copies of all pleadings and related documents to be given to the judge.

## VI.   CONCLUSION

If a temporary restraining order does not issue, plaintiff will be irreparably harmed. Plaintiff needs the protection of this Court to restore and maintain the status quo so that any disputes between the parties can be resolved in a court of law. For these reasons and for the reasons set forth more fully above, plaintiff respectfully request this Court issue a temporary restraining order under the standards of CR 65 and RCW 61.24.130. Plaintiffs have submitted a proposed order to that effect.

DATED this 26th day of February, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiffs
Ilya and Yelena Shekhman

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 5

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-5373

## VII.   CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of **MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE**, Supporting **DECLARATION OF BRUCE M. HULL** and **PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN TRUSTEE'S SALE** have been made this 26th day of February 2009, by sending a copy thereof:

via ABC legal messenger to:

    Cal-Western Reconveyance Corporation of Washington
    c/o National Registered Agents, Inc.
    1780 Barnes Blvd SW
    Tumwater, WA 98512-0410

and via fax to:

    Fax No.: 619-590-9299
    Cal-Western Reconveyance Corporation
    525 East Main Street
    El Cajon, California 92020

    Fax No.: 303-728-7648
    Aurora Loan Services
    10350 Park Meadows Drive
    Littleton, CO 80124

    Fax No.: 818-679-6377
    Mortgage Electronic Registration Systems, Inc.
    As nominee for Gateway Bank, FSB
    P.O. Box 2026
    Flint MI 48501-2026

_____
Illya Lisunov
Paralegal for Bruce M. Hull

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
AND TO RESTRAIN TRUSTEE'S SALE - 6

**THE LAW OFFICES OF BRUCE M. HULL**
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

# FILED

2009 FEB 27   AM 11: 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Yelena Shekhman and Ilya Shekhman | NO.  09-2-10587-1     SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| Cal-Western Reconveyance Corporation, et al | ASSIGNED JUDGE   McCarthy         19 |
| | FILE DATE:                  02/27/2009 |
| Defendant(s) | TRIAL DATE:               08/16/2010 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____     _____
          Print Name                              Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08     1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

**EXHIBIT A**
**PAGE 16 OF 34**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | | Filing Needed |
|---|---|---|---|
| Case Filed and Schedule Issued. | Fri | 02/27/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Fri | 08/07/2009 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Fri | 08/07/2009 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Fri | 08/21/2009 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon | 03/15/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon | 04/26/2010 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon | 05/10/2010 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | Mon | 05/10/2010 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon | 06/28/2010 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon | 07/19/2010 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon | 07/26/2010 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon | 07/26/2010 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon | 08/02/2010 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon | 08/09/2010 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon | 08/09/2010 | * |
| Trial Date [*See KCLCR 40*]. | Mon | 08/16/2010 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   02/27/2009

_____
PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

EXHIBIT A
PAGE 17 OF 34

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

### READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

### CASE SCHEDULE AND REQUIREMENTS

Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report:

No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

### B. Settlement/Mediation/ADR

a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original documents/working copies Filing of Documents**

**All original documents must be filed with the Clerk's Office.**

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

### C.   Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

FILED

2009 FEB 27  AM 11:20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

Ex Parte Department Room W-325
Hearing Scheduled: Thursday, March 5, 2009, 02:00 p.m.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

09 - 2 - 10587 - 1 SEA

| | |
|---|---|
| YELENA SHEKHMAN and ILYA SHEKHMAN ) | |
| ) | No.: |
| Plaintiffs, ) | |
| ) | DECLARATION OF |
| v. ) | BRUCE M. HULL IN SUPPORT OF |
| ) | PLAINTIFF'S MOTION FOR |
| CAL-WESTERN RECONVEYANCE ) | TEMPORARY RESTRAINING |
| CORPORATION OF WASHINGTON, a ) | ORDER AND RESTRAINT OF |
| Washington corporation, AURORA LOAN ) | TRUSTEE'S SALE |
| SERVICES, a Nebraska company, and ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., a California company. ) | |
| ) | |
| Defendants. ) | |

Bruce M. Hull hereby declares as follows:

1.  I am the attorney representing plaintiffs in this action. I have personal knowledge of all matters set forth in this declaration.

2.  On February 26, 2009, I caused to be served by ABC legal messages a copy of plaintiffs' Complaint, Motion and Memorandum for Temporary Restraining Order, Proposed Temporary Restraining Order, this Declaration and a letter describing where and when the Motion would be heard

DECLARATION OF BRUCE M. HULL - 1

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

ORIGINAL

to defendant Trustee Cal-Western Reconveyance Corporation of Washington through its
registered agent.

3.  Attached as Exhibit A is a true and correct copy of the return of service from ABC Legal
    Messengers.

I declare under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct to the best of my knowledge.

DATED this 26th day of February 2009.

Bruce M. Hull WSBA #18943
Attorneys for plaintiffs
Yelena and Ilya Shekhman

DECLARATION OF BRUCE M. HULL - 2

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

EXHIBIT A
PAGE 22 OF 34

FILED

2009 FEB 27 AM 10 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN )
                               Plaintiffs,)

                 v.            )

CAL-WESTERN RECONVEYANCE )
CORPORATION OF WASHINGTON, a )
Washington corporation, AURORA LOAN )
SERVICES, a Nebraska company, and )
MORTGAGE ELECTRONIC REGSTRATION )
SYSTEMS, INC., a California company. )

                        Defendants.)

No. 09-2-10587-1 SEA

SUMMONS

20 days

HARRY J. McCARTHY

TO:   CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, a Washington

       corporation, defendant,

TO:   AURORA LOAN SERVICES, a Nebraska company, defendant, and

TO:   MORTGAGE ELECTRONIC REGSTRATION SYSTEMS, INC., a California company,

       defendant.

SUMMONS- 1

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

ORIGINAL

TO THE DEFENDANTS:  A lawsuit has been started against you in the above-entitled court by plaintiffs Ilya and Yelena Shekhman. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty (20) days after the service of this summons, excluding the date of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiffs are entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington, and RCW 4.28.180.

DATED this 26th day of February, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiffs
Ilya and Yelena Shekhman

SUMMONS- 2

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8083
Fax: (425) 378-3373

FILED

2009 FEB 27  AM 11 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN )
                                  )
                        Plaintiffs,)
                                  )
            v.                    )
                                  )
CAL-WESTERN RECONVEYANCE          )
CORPORATION OF WASHINGTON, a      )
Washington corporation, AURORA LOAN )
SERVICES, a Nebraska company, and )
MORTGAGE ELECTRONIC REGSTRATION )
SYSTEMS, INC., a California company. )
                                  )
                        Defendants.)
                                  )

No.: 09-2-10587-1 SEA

**COMPLAINT TO RESTRAIN TRUSTEE'S SALE AND FOR DAMAGES**

COMES NOW plaintiffs Yelena Shekhman and Ilya Shekhman ("Plaintiffs"), by and through their attorneys, Law Offices of Bruce M. Hull pllc, to allege as follows:

## I. PARTIES

1.  Plaintiff is a resident of King County.

2.  Defendant Cal-Western Reconveyance Corporation of Washington ("Trustee") is a Washington corporation that transacts business in King County, Washington. Trustee does business in and has sufficient contacts with the State of Washington to be subject to both general and specific jurisdiction.

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 1

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

ORIGINAL

3.     Trustee's agent for service of process in Washington State is NATIONAL REGISTERED AGENTS INC, 1780 BARNES BLVD SW BLDG G, TUMWATER, WA 98512-0410.

4.     Defendant Aurora Loan Services ("Aurora") is a Nebraska company that transacts business in King County, Washington.  Aurora does business in and has sufficient contacts with the State of Washington to be subject to both general and specific jurisdiction.

5.     Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a California company that transacts business in King County, Washington. MERS does business in and has sufficient contacts with the State of Washington to be subject to both general and specific jurisdiction.

## II.   JURISDICTION AND VENUE

6.     Jurisdiction is proper pursuant to RCW 2.08.010 because the Court possesses jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

7.     Jurisdiction is also proper pursuant to RCW 61.24.130.

8.     Venue is proper in King County pursuant to RCW 4.12.025 because the defendants transact business in King County, Washington, and many of the events described herein took place in King County, Washington.

## III.   FACTUAL BACKGROUND

9.     On or about September 6, 2005, plaintiffs applied for a fixed rate loan with KoBay Financial Corp. ("Kobay") a mortgage broker.

10.    Plaintiffs never received an early Truth In Lending Disclosure Statement which showed they would be receiving a fixed rate loan.

11.    Plaintiffs never received a Good Faith Estimate or an Itemization of Amounts Financed related to a fixed rate loan.

12.    Kobay, Gateway Bank, FSB (the purported lender) then changed the loan application of the plaintiff's to a subprime adjustable rate loan.

13.    On or about October 18, 2005, placed the plaintiffs in a subprime adjustable rate loan.

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 2

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

14.   Kobay, Gateway Bank, FSB (the purported lender) misled plaintiffs and never properly disclosed to plaintiffs they were getting a subprime adjustable rate loan including no proper disclosure of the terms and conditions of such a loan.

15.   Plaintiffs' loan went into default in 2008 and a Notice of Default was sent to the Plaintiffs by the Trustee on September 10, 2008.

16.   Trustee first sent the Notice of Trustee's Sale to Plaintiffs on or about October 29, 2008 which provided for a Trustee's Sale to occur on January 30, 2009.

17.   The Notice of Trustee's Sale was later amended to provide for a Trustee's Sale to occur on March 6, 2009.

18.   The Notice of Trustee's Sale provided notice of the sale of Plaintiffs' residence to occur March 6, 2009 pursuant to a "Deed of Trust" granted by Plaintiffs in favor of MERS ("Beneficiary") dated October 17, 2005 and recorded October 21, 2005 under Auditor's File No. 20051021003400 in the records of King County, Washington.

19.   The foregoing Deed of Trust secured payment on a "Promissory Note" of even date made by Plaintiffs.

20.   The proceeds of the loan evidenced by the Promissory Note were used to purchase Plaintiffs' primary residence.

21.   Plaintiffs' primary residence subject to the Trustee's Sale is located at 6905 115th Court Southeast, Newcastle, WA 98056.

22.   · Defendant Aurora is the loan servicer.

### IV.   FIRST CAUSE OF ACTION

**Violation of the Truth In Lending Act, Real Estate Settlement Procedures Act and Related**

**Regulations**

23.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 21 above.

24.   Plaintiffs were not provided material disclosures and other loan documentation prior to and after Plaintiffs' loan transaction was consummated.

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 3

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

25. These deficiencies include, without limitation, the following.

    a.  No preliminary or early disclosures were given to the Plaintiffs as required by 12 CFR §226.17(b) and 226.19(a).

    b.  No Itemization of amount financed or disclosure telling the Plaintiffs they are entitled to that disclosure in writing as required by 12 CFR §226.18(c).

    c.  No accurate Good Faith Estimate of the sub-prime loan was given to Plaintiffs. Plaintiffs' received two materially different Good Faith Estimates.

    d.  Plaintiffs did not receive an accurate Truth in Lending Disclosure Statement in violation of 12 CFR §226.17 and 18. Plaintiffs' received three materially different conflicting Truth in Lending Disclosure Statements.

    e.  The APR is understated by 0.7405% in violation of 12 CFR §226.22.

    f.  Plaintiffs applied for a fixed rate loan which was converted to a subprime adjustable rate loan without prior notice and disclosure to plaintiffs.

    g.  On information and belief plaintiffs paid a yield spread premium which was not properly disclosed as required in the Real Estate Settlement Procedures Act in violation of 12 USC §2607.

    h.  Plaintiffs' were charged an excessive credit report fee of $300 in violation of 12 USC §2607.

    i.  No HUD 1 statement was ever provided to plaintiffs in violation of 12 USC §2607.

## V.    SECOND CAUSE OF ACTION

### Violation of the Washington Consumer Protection Act

26. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 24 above.

27. The conduct of Defendant, Beneficiary and their agents and representatives constitute unfair or deceptive acts or practices in violation of the Washington Consumer Protection Act RCW 19.86 et.seq.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 4

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

1.    Judgment against defendants for damages, penalties and attorneys' fees and costs as provided in the Truth In Lending Act 15 USC 1601 et. seq., the underlying regulations 12 CFR 226 et. seq., and the Real Estate Settlement Procedures Act 12 USC 2601 et. seq.

2.    Judgment against defendants for damages and reasonable attorneys' fees and costs as provided in the Washington Consumer Protection Act RCW 19.36 et. seq.

3.    That the Trustee's Sale scheduled for March 6, 2009 at 10:00 am be restrained and a temporary injunction be granted to restrain such sale and that plaintiffs be required to post no bond related thereto;

4.    An award of pre-judgment and post-judgment interest, as allowed by law;

5.    Costs of suit, including an award of reasonable attorneys' fees; and

6.    For such other and further relief as the Court deems just and equitable.

DATED this 26th day of February, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiffs
Ilya and Yelena Shekhman

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 5

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

FILED

2009 FEB 27  AM II: 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

YELENA SHEKHMAN and ILYA SHEKHMAN
Plaintiffs,

v.

CAL-WESTERN RECONVEYANCE CORPORATION
OF WASHINGTON, et. al.
Defendants

NO. 09-2-10587-1 SEA

NOTE FOR MOTION DOCKET
SEATTLE COURTHOUSE ONLY
(Clerk's Action Required )
(NTMTDK)

TO:     THE CLERK OF THE COURT and to all other parties listed on Page 2:
        PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the Clerk is
        directed to note this issue on the calendar checked below.

Calendar Date: _____ March 06, 2009 _____   Day of Week: _____ Thursday _____

Nature of Motion: MOTION TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE

| EX PARTE MOTIONS [LCR 7 (b)(3)(D) - Seattle in W325 |
The original of this notice must be filed at the Clerk's Office **not less than six court days** prior to requested hearing date.
Motions are scheduled **9:00-11:30 a.m. & 1:30-3:45 p.m.** (except as indicated):

[ ]Eviction  Hearing Time: 9:00 a.m.               [X]Other Ex Parte Motion. Hearing Time: _02:00 PM_

The original of this notice must be filed at the Clerk's Office **not less than fourteen calendar days** prior to requested
hearing date - *Deliver Working Papers (on accountings, contested or complex cases) to W325.  Ex Parte hearings do not require
confirmation.*

| [ ]Adoption Final Hrg. | Hearing Time: 9:00: _____ 1:30: _____ (LCR 93.04) |
| [ ]Family Law Final Decree | [ ]Atty to Appear Hearing Time: _____ | [ ]No Attorney Hearing Time: 1:30 p.m. |
| [ ]Probate/Grdnshp | Hearing Time: 10:30 a.m.   (LCR 98.04, 98.16, 98.20) |

| FAMILY LAW MOTIONS [LFLR 6] - Seattle in W291 |
The original of this notice must be filed at the Clerk's Office **not less than fourteen calendar days** prior to the requested
hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance). *Must confirm at 296-9340
(LFLR 6).* Deliver Commissioner's copies to same room number 3 lines above. *SEE PAGE 2 FOR IMPORTANT NOTICE!*

| [ ] Domestic Motion (9:30) | [ ] Sealed File Motion (1:30) | [ ] Parenting Plan Modification (threshold 1:30) |

| RALJ READINESS CALENDAR - Seattle |
The original of this notice must be filed at the Clerk's Office **not less than five court days** prior to the requested hearing date.
You must bring this document and appear as scheduled.  See posted signs for room number and Judge the day of your
hearing.          [ ] Fridays only (1:30 p.m.)

You may list an address that is not your residential address where you agree to accept legal documents.

Sign: _Bruce M. Hull (signature)_     Print/Type Name: _Bruce M. Hull_

WSBA #: _18943_     (if attorney)     Attorney for: _Plaintiffs Ilya and Yelena Shekhman_

Address: _14100 SE 36th Street, Suite 100_ City, State, Zip: _Bellevue, WA 98006_

Telephone: _(425) 378-8088_     Date: _02/26/2009_

Party requesting hearing must file motion & affidavits separately along with this notice.  List names, addresses and
telephone numbers of all parties requiring notice, (including Guardian Ad Litem) on page 2.  Serve a copy of this notice of
hearing, with motion documents, on all parties.  **DO NOT USE THIS FORM TO SET HEARINGS BEFORE CHIEF
CIVIL JUDGE OR THE ASSIGNED JUDGE FOR THE CASE.**

NOTE FOR MOTION DOCKET - SEATTLE COURTHOUSE ONLY                    Page 1
Ntmtdksea082908
www.metrokc.gov/kcscc/forms.htm

ORIGINAL  EXHIBIT A

PAGE 30 OF 34

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |

Name: Cal-Western Reconveyance Corporation
of Washington
c/o National Registered Agents, Inc.
Service Address: 1780 Barnes Blvd SW
City, State, Zip: Tumwater, WA 98512-0410
WSBA#_____Atty For:_____
Telephone #:_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #:_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #:_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #:_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #:_____

Name_____
Service Address:_____
City, State, Zip_____
WSBA#_____Atty For:_____
Telephone #:_____

## IMPORTANT NOTICE REGARDING FAMILY LAW CASES

**IF YOU ARE THE PERSON SCHEDULING THIS MOTION**, you must confirm this hearing by calling the Family Law Motions Coordinators at 296-9340 between 2:30 p.m. and 4:15 p.m. (3) court days before the hearing and between 8:30 a.m. and 12:00 p.m. (noon) two (2) court days prior to the hearing.

**IF YOU OBJECT TO THIS MOTION**, under King County Superior Court Rule LFLR 5, your response and accompanying paperwork **must be in writing** and must be delivered, not later than by 12:00 p.m. (noon) of four (4) weekdays (not including court holidays) prior to the hearing to:

1) the Superior Court Clerk in Room E609 (the originals go to the Clerk);

2) all parties' attorneys (or directly to any party who does not have an attorney); and,

3) the Family Law Motions Coordinators in Room W291.

Any statements of a party or witness must be signed, dated and sworn to under penalty of perjury, and must contain the state and city where signed.

The moving party's reply is due by noon two court days prior to the hearing. Check-in time is **9:00 am** for morning hearings and **1:15 p.m.** for afternoon hearings.

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES. ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The **KING COUNTY COURTHOUSE** is in Seattle, Washington at 516 Third Avenue.

EXHIBIT A
PAGE 31 OF 34



FILED

2009 FEB 27 AM 11: 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUPERIOR COURT CLERK
SEATTLE WA

09-2-10587-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 02/27/2009 | 02/27/2009 | 11:20 AM |

Receipt/Item #    Tran-Code    Docket-Code
2009-13-03004/01     1100           $FFR
Cashier: JLC

Paid By: Bruce M. Hull, law Office
    Transaction Amount:        $200.00

## KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
and
### CASE INFORMATION COVER SHEET
(cics)

In accordance with LCR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

## 09-2-10587-1 SEA

CASE NUMBER:
CASE CAPTION:     ILYA AND YELENA SHEKHMAN v.
    CAL-WESTERN RECONVEYANCE, ET. AL.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e), for the:

___X___    Seattle Area, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____    Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner/Plaintiff

or

Signature of Attorney for
Petitioner/Plaintiff

Date

02/26/2009
Date

18943
WSBA Number

## ORIGINAL

EXHIBIT A
PAGE 32 OF 34

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**

Please check <u>one</u> category that best describes this case for indexing purposes.  Accurate case indexing not only saves time but helps in forecasting judicial resources.  A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish  (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration  (OSC 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refsal –only RCW 46.20.308  (DOL 2)*

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [X] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship With No Children (MER 2)* and Not Pregnant
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)*
- [ ] with dependent children? Y / N; wife pregnant? Y / N
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children  (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
- [ ] wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
- [ ] with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (OSC 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**DOMESTIC PARTNERSHIPS-REGISTERED**

- [ ] Dissolution of Domestic Partnership With Children (DPC 3)*
- [ ] Dissolution of Domestic Partnership- No Children- (DPN3)*    pregnant? Y / N
- [ ] Invalidity of Domestic Partnership (INP 3)*
- [ ] with dependent children? Y / N; pregnant? Y / N
- [ ] Legal Separation of Domestic Partnership (SPD 3)*
- [ ] with dependent children? Y / N; pregnant? Y / N

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Sexual Assault Protection Order (SXP 2)
- [ ] Vulnerable Adult Protection (VAP 2)

£ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County     * The filing party will be given an appropriate case schedule at time of filing,   ** Case schedule will be issued after hearing and findings.

**EXHIBIT A**
**PAGE 33 OF 34** 2

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes.

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Onl y (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**TORT, ASBESTOS**
- [ ] Personal Injury-Schroeter Goldmark (PIN 2)*
- [ ] Personal Injury- Other (PIN 2)
- [ ] Wrongful Death- -Schroeter Goldmark (WDE 2)*
- [ ] Wrongful Death- Other (WDE 2)

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*
- [ ] Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Implants (PIN 2)*
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Property Damage –Gan g (PRG 2)*
- [ ] Tort, Other (TTO 2)*

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing and findings.

EXHIBIT A
PAGE 34 OF 34 3